# Covanovan's Appeal.

## Seguine's Appeal.

## Walker's Appeal.

Judgment held not fraudulent as against creditors.

(Decided March 22, 1886.)

Covanovan's Appeal; Seguine's Appeal; Walker's Appeal.

Appeals from a decree of the Common Pleas of Warren County distributing a fund produced by a sheriff's sale. Affirmed.

*J. H. Donly* for appellants Covanovan and Seguine.

*C. H. Noyes* and *W. D. Hinckley* for appellants Walker et al. ·

*S. T. Neill* for appellee.

PER CURIAM:

These three appeals are from the same decree. They were argued together. The contention arises in the distribution of a fund produced by a sheriff's sale of the property of Sargent & Holt, on an execution in favor of Copeland. The able report of the auditor, applying the money on that execution, was confirmed by the learned judge. It is found as a fact that there was nothing inequitable in the taking of the note on which the

---

NOTE.—The confession of a judgment to a bona fide creditor, in order that he may be preferred to other creditors, does not constitute fraud. Greenwalt v. Austin, 1 Grant Cas. 169; Worman v. Wolfersberger, 19 Pa. 59; Braden v. O'Neil, 183 Pa. 462, 63 Am. St. Rep. 761, 38 Atl. 1023. And the same may be done in favor of a trustee for the benefit of certain bona fide creditors. Ewing's Appeal, 1 Del. Co. Rep. 5. Or he may defend certain suits, and allow judgments to be obtained in others, in order to give a preference. Morgan's Appeal, 20 Pa. 152. But, if the creditor and debtor are acting together with the intent to hinder and defraud other creditors, the judgment is void. Werner v. Zierfuss, 162 Pa. 360, 29 Atl. 737. And the question whether the transaction was bona fide is for the jury. Keen v. Kleckner, 42 Pa. 529.

The same rules apply in the case of partnerships. Siegel v. Chidsey, 28: Pa. 279, 70 Am. Dec. 124; Walker v. Marine Nat. Bank, 98 Pa. 574; Russell's Appeal, 2 Walk. (Pa.) 363.

judgment was entered, and that there was no evidence to prove either actual or legal fraud. Such being the fact, we discover nothing in the evidence to call for a reversal of the decree.

Decree affirmed and appeal in each case dismissed, at the cost of the respective appellants therein.